IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Isaac Brannon Perry Swett, | ) | Case No. 6:23-cv-04229-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Prisma Health, Greenville Health Authority Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' motion to dismiss or, in the alternative, for judgment on the pleadings. [Doc. 17.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On February 6, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motion be granted. [Doc. 33.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 18.] Plaintiff's objections were filed on February 26, 2024,[1] and Defendants filed a reply on March 11, 2024. [Docs. 38; 39.]

---

[1] As Defendants note in their reply [Doc. 39 at 1–2 & n.1], Plaintiff's objections are untimely because they were due on or before February 23, 2024. [Doc. 33 at 18 (providing that objections to the Report were due within 14 days of the date of service of the Report); Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire").] However, out of an abundance of caution for the pro se Plaintiff, the Court accepts Plaintiff's untimely objections.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)). Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).

"Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

## BACKGROUND

Plaintiff is a former employee of Defendant Prisma Health ("Prisma") who was employed from April 2019 through January 2020. [Doc. 15 at 4.] He alleges that on January 3, 2020, he was placed on administrative leave by his manager "due to concerns about statements [he] made regarding firearms." [*Id*.] Soon after he was placed on administrative leave, he was terminated. [*Id*.] He also received a trespass notice issued by Defendant Greenville Health Authority Police Department ("GHAPD") on Prisma's behalf, banning him from "any and all" Prisma properties (the "Trespass Notice"). [*Id*. at 3; *see* Doc. 17-2.] After Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, on December 18, 2020, the parties entered into a settlement agreement and general release (the "Settlement Agreement"), in which Plaintiff released Prisma from all claims that had accrued as of that date. [Doc. 9-1.]

Plaintiff filed this action in Greenville County Magistrate's Court on July 17, 2023 [Doc. 1-1], and Defendants removed the case to this Court on August 24, 2023 [Doc. 1]. Plaintiff filed an Amended Complaint on September 13, 2023, alleging that Defendants violated the Americans with Disabilities Act ("ADA") because Plaintiff was given the Trespass Notice due to his autism. [Doc. 15 at 3–5.] Plaintiff also brings a state law tortious interference with business relations claim because he alleges that the Trespass Notice bans him from being able to work as a first responder [*id*. at 6], as well as state law claims for intentional infliction of emotional distress and "tortious interference with health" because Defendants' actions have allegedly diminished Plaintiff's mental health

and emotional state and worsened his psychiatric conditions [*id*. at 5]. Defendants filed a motion to dismiss the Amended Complaint or, in the alternative, for judgment on the pleadings on September 27, 2023. [Doc. 17.]

## DISCUSSION

The Magistrate Judge recommends that Defendant's motion to dismiss or, in the alternative, for judgment on the pleadings, be granted because the plain language of the Settlement Agreement bars Plaintiff's claims. [Doc. 33 at 7–12.] The Magistrate Judge reasons that Plaintiff's claims "cannot be considered new claims based upon new actions" and instead "describe[] continued consequences from the original issuance of the [Trespass Notice] in 2020." [*Id*. at 9.] The Magistrate Judge further concludes that even if Plaintiff's claims are not precluded by the Settlement Agreement, Plaintiff's ADA and state law claims are time-barred because Plaintiff filed his action outside of the applicable statutes of limitations. [*Id*. at 12–15.] The Magistrate Judge reasons that the continuing violation doctrine does not apply because Plaintiff's claims are not based on new violations, but on a "continued ill effect of Prisma issuing the [Trespass Notice] . . . in the first instance." [*Id*. at 16.]

In his objections, Plaintiff restates his prior argument that his claims are not barred by the Settlement Agreement, contending that his claims are not based on the events that occurred prior to the Settlement Agreement but on Defendants' active denial of Plaintiff's access to Prisma properties. [Doc. 38 at 1–3.] Plaintiff additionally argues that "regardless of the previous settlement and time that has passed since the issuance of the original [Trespass Notice], the reason why the [Trespass Notice] was served to Plaintiff renders it illegal." [*Id*. at 3.] Plaintiff also contends that because his ADA claim underlies

4

the remaining state law claims and those claims "are occurring only because of disability-based discrimination," the state law claims "are neither barred by the statute of limitations, nor by the previous settlement." [*Id*. at 3–4.]

The Court overrules Plaintiff's objections. For the reasons outlined by the Magistrate Judge in the Report [Doc. 33 at 7–12], the Court disagrees with Plaintiff's argument that his ADA claim is not barred by the Settlement Agreement. The plain language of the Settlement Agreement provides that Plaintiff releases "any and all claims, causes of action, demands, liabilities, debts, or damages accrued as of the date of execution" of the Settlement Agreement, and Plaintiff does not contest that the Settlement Agreement absolves Defendants of liability for the original issuance of the Trespass Notice. [Docs. 9-1 at 3–4; 38 at 2.] The Magistrate Judge correctly concludes that Plaintiff's ADA claim accrued when Plaintiff knew of the Trespass Notice and that he should have known of the alleged injuries underlying his current claims well before the Settlement Agreement was executed. [Doc. 33 at 10]; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (stating that an ADA claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (internal quotation marks omitted)); *Gillman v. City of Beaufort*, 627 S.E.2d. 746, 748 (S.C. Ct. App. 2006) (stating that state law tort claims accrue on "the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence"). As the Magistrate Judge pointed out [Doc. 33 at 16], the Trespass Notice provides that it "will remain in effect and will not expire" [Doc. 17-2 at 3], and Plaintiff knew of that provision when he executed the Settlement Agreement releasing all

5

claims that had accrued as of that date. The Court therefore concludes that the Settlement Agreement bars Plaintiff's claims.[2]

Further, with respect to the Magistrate Judge's conclusion that Plaintiff's claims are time-barred, the Court concludes that Plaintiff's objections fail to address this substantive finding of the Report. Plaintiff's conclusory argument that he is "legally entitled to bring [his state law] claims" because "Defendants are actively denying Plaintiff access to a place of public accommodation because of his disability" is insufficient to address the Report's findings. [See Doc. 38 at 3–4.] Even assuming Plaintiff is arguing that the continuing violation doctrine should apply, the Court agrees with the Magistrate Judge that Plaintiff's claims are based on the effects of the allegedly discriminatory Trespass Notice, not on any new or continuing discriminatory actions taken by Defendants. [Doc. 33 at 16; see Doc. 15 at 4 (alleging that his "claim only concerns the trespass notice")]; *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 189 (4th Cir. 1999) ("[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." (internal quotation marks omitted)).

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motion

---

[2] The Magistrate Judge also noted that to the extent Plaintiff contends that he can maintain his claims against GHAPD even if his claims against Prisma are precluded by the Settlement Agreement, that argument is flawed because the Amended Complaint does not state any valid claims against GHAPD individually. [Doc. 33 at 10 n.2.] Plaintiff does not appear to contest this conclusion in his objections. [*See generally* Doc. 38.]

to dismiss or, in the alternative, for judgment on the pleadings [Doc. 17] is GRANTED and this action is DISMISSED with prejudice.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge,

September 13, 2024
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.